```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOUGLAS S. HEAVLOW              :        CIVIL ACTION
                               :
      v.                       :
                               :
GERALD L. ROZUM, et al.        :        NO. 06-772
```

<u>ORDER</u>

AND NOW, this 5th day of December, 2006, upon consideration of the amended petition for writ of habeas corpus (docket entry # 4), the Commonwealth's response (docket entry # 9), the Report and Recommendation of the Honorable Timothy R. Rice (docket entry # 15), and the petitioner's objections (docket entry # 16), and the Court finding that:

(a)  On October 11, 2006, Judge Rice found that none of the four grounds that Heavlow raises in his petition supports granting a writ of habeas corpus in this case;

(b)  Because Heavlow objected to Judge Rice's report and recommendation as to all four issues raised in the petition,[1] we must determine those issues de novo, 28 U.S.C. § 636(b)(1);

(c)  The charges against Heavlow arise from an incident on the Northeast Extension of the Pennsylvania Turnpike in which Heavlow, driving a Dodge Ram pickup truck, passed a Toyota Tercel driven by Jennifer Getz at well over eighty miles per hour and struck the left front fender of the Tercel;

---

[1] This is not strictly true given that what Heavlow filed as "Objections to Magistrate Judge's Report and Recommendation" appears to be almost <u>in</u> <u>haec</u> <u>verba</u> (down to the inclusion of several identical typographical errors) a copy of his amended petition.  We will nevertheless address the arguments he makes as though he had filed a proper objection.

(d)   As a result of the collision Getz's vehicle went off the road at approximately eighty-four miles per hour;

(e)   Getz, who was not wearing a seatbelt, was thrown from the vehicle and killed;

(f)   Her passenger, Tania Marie Santiago, was injured, but survived;

(g)   Heavlow did not stop, but instead proceeded to a hardware store at the next exit, purchased spray paint and thinner, and used them to cover up the damage to his truck;

(h)   Heavlow was convicted at a jury trial of third-degree murder, aggravated assault, recklessly endangering another person, homicide by vehicle, and leaving the scene of an accident involving death and was sentenced to 8-20 years imprisonment;

(i)   After exhausting his state court direct and collateral appeals, Heavlow filed this petition raising four issues:  (1) sufficiency of the evidence of malice and criminal intent for a third-degree murder conviction; (2) ineffective assistance of counsel for failing to seek a jury instruction that the testimony of the Commonwealth's expert was "low-grade evidence"; (3) ineffective assistance of counsel for failing to object to the jury instruction about consciousness of guilt; and (4) sentencing in violation of his Sixth Amendment right to jury trial because the court relied on sentencing factors not found by a jury;

(j)   On collateral review, our role in a challenge to the sufficiency of the evidence is limited to the question of

"whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979);

       (k)   Under Pennsylvania law, third-degree murder does not require intent, but merely "malice aforethought," which is defined as "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty," <u>Commonwealth v. Gooding</u>, 818 A.2d 546, 550 (Pa. Super. 2003) (quoting <u>Commonwealth v. Pigg</u>, 571 A.2d 438, 441 (Pa. Super. 1990));

       (l)   A jury may infer malice from the circumstances surrounding the victim's death, <u>see</u> <u>Commonwealth v. McFadden</u>, 292 A.2d 324, 326 (Pa. 1972) ("If the act of the defendant under all of the circumstances properly gives rise to an inference that the defendant knew or should have known that the consequences of his act would be death or serious bodily harm, malice is present.");

       (m)   Here, there was ample evidence from which the jury could infer malice, including (i) eyewitness testimony that Heavlow was tailgating at high speed immediately before the accident, and (ii) that he swerved in front of Getz immediately before the collision, (iii) Heavlow's flight from the scene and (iv) active concealment of his involvement in the collision, and (v) expert testimony that the crash was caused by Heavlow's "sudden steering maneuver";

(n)   Nevertheless, Heavlow contends that the evidence was insufficient because the prosecutor admitted that Heavlow did not intend to kill Getz and because the medical examiner found the cause of death to be "accident";

(o)   Neither of these grounds is even remotely compelling;

(p)   As Judge Rice points out, it is far from obvious that the prosecutor's statements were a concession that Heavlow did not intend to kill Getz, Rep. & Rec. at 7-8;

(q)   Even if we accept that the prosecutor conceded this point, however, Heavlow's claim is still insufficient because, as we rehearsed above, intent to kill is not an element of third-degree murder;

(r)   Heavlow's claim that, because the medical examiner didn't rule the death a homicide, no murder charge can stand is ludicrous;[2]

(s)   It is the jury, not the medical examiner, who must link a criminal defendant to the death of the victim;

(t)   Thus, we find, as did Judge Rice, that Heavlow's sufficiency of the evidence claim is inadequate;

---

[2] In Commonwealth v. Scher, 732 A.2d 1278 (Pa. 2002), which Heavlow cites as demonstrating the "importance of the medical examiner's findings as to manner of death," Obj. at 5, the issue was not the mere existence of an autopsy finding the death to be accidental.  Rather, it was the prejudice caused to the defendant by the death of the medical examiner during the twenty-year delay between autopsy and prosecution, preventing the defendant from eliciting testimony as to why the medical examiner found the death to be accidental.  This was just one of several factors that led the Scher court to find that prosecution would be a violation of defendant's due process rights.

(u)  Claims of ineffective assistance of counsel under the Sixth Amendment are governed by the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984);[3]

(v)  Under Strickland, a defendant who claims ineffective assistance must show both that "counsel's representation fell below an objective standard of reasonableness," id. at 688 and that "counsel's errors were so serious as to deprive the defendant of ... a trial whose result is reliable," id. at 687;

(w)  Where, as here, an ineffective assistance claim is raised in a federal habeas petition and the state court evaluated the claim under Strickland, we must be "doubly deferential" by showing deference both to the evaluation of the trial court in the first instance and the state appellate courts who evaluated the Strickland claim, see Yarborough v. Gentry, 540 U.S. 1, 6 (2003);

(x)  Heavlow's first ineffective assistance claim is that because the Commonwealth's expert, Detective Robert Turner, testified in response to hypothetical questions, counsel was inadequate by failing to request a jury instruction that this was "low-grade" evidence under Pennsylvania law;

(y)  The Pennsylvania Superior Court determined, in its opinion denying Heavlow's PCRA claim, that, as a matter of

---

[3] Heavlow's "objections" do not even cite Strickland, apparently in the hope that we will guess at the proper standard for reviewing his claim.

Pennsylvania law, Heavlow was not entitled to a "low-grade" evidence instruction;

(z)   Our review of issues that were fully litigated in state court proceedings is limited to adjudications that "resulted in a decision that was contrary to ... clearly established Federal law," 28 U.S.C. § 2254(d)(1);

(aa) We may not, therefore, review the state court's application of its own law to these facts;

(bb) There is no plausible contention that federal law entitled Heavlow to a "low-grade" evidence instruction;[4]

(cc) A lawyer's representation cannot be unreasonable for failing to seek a jury instruction to which his client is not entitled;

(dd) Heavlow's second ineffective assistance claim is that counsel erred by failing to object to an instruction that allowed the jury to infer consciousness of guilt from Heavlow's flight;

(ee) In determining whether a jury instruction impermissibly reduces the prosecution's burden, a court must evaluate "whether the challenged portion of the instruction creates a mandatory presumption, or merely a permissive inference," Commonwealth v. Kelly, 724 A.2d 909, 911 (Pa. 1999) (citing Francis v. Franklin, 471 U.S. 307, 314 (1985));

---

[4] If there were, that would constitute a separate ground for habeas relief, one which would avoid the "double deference" problem discussed above.  But Heavlow does not even make such a claim, limiting his contentions on this point to ineffective assistance of counsel.

(ff) There can be no credible contention that the instruction here created a mandatory presumption;[5]

(gg) Because an objection to the instruction would have been properly overruled, it could not be unreasonable for counsel to have failed to object;

(hh) Heavlow's final contention is that his sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004);

(ii) Heavlow does not identify any particular finding that the sentencing judge made in his case that impermissibly increased his maximum penalty, but instead seems to contend that the Pennsylvania sentencing guidelines are per se unconstitutional;

(jj) Even if Heavlow's substantive arguments had merit, and they do not, he would not be entitled to resentencing because Blakely was decided after his sentence was imposed and is not retroactive, see, e.g., Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005); United States v. Martin, 2005 WL 1503430 (E.D. Pa. 2005); see also Rep. and Rec. at 18 & n.8 (listing cases finding Blakely and United States v. Booker, 543 U.S. 200 (2005), not retroactive);

---

[5] The judge told the jury that "[s]uch flight or concealment does not necessarily show consciousness of guilt in every case."  Rep. Rec. at 124.  The court then continued: "Whether the evidence of flight or concealment in this case should be looked at as tending to prove guilt, and if so to what charge, depends upon the facts and circumstances of this case and especially upon motives which may have prompted the flight or concealment."  Id. at 124-25.

(kk) Heavlow lacks standing to bring this claim because, even if we were to find that Pennsylvania's sentencing guidelines violated <u>Blakely</u>, he would not be entitled to any relief;

(ll) We will, therefore, deny this claim as well;

It is hereby ORDERED that:

1.   Petitioner's objections are OVERRULED;

2.   The Report and Recommendation is APPROVED and ADOPTED to the extent it is consistent with this Order;

3.   The petition for writ of habeas corpus is DENIED;

4.   There is no substantial constitutional issue to warrant issuance of a certificate of appealability; and

5.   The Clerk shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.